HAZOURI, J.
This is a dispute between a builder and a homeowner regarding the construction of a house. A jury trial resulted in a verdict in favor of the homeowner. The builder now appeals, raising various issues regarding the proceeding below. We choose to address only the claim of error that the trial court erred in admitting, over appellants’ objection, hearsay letters of alleged threats .and harassment of a witness by appellant, Isbell. We conclude that the trial court erred in this regard, which requires reversal for a new trial. We therefore do not address the other points on appeal.
Two letters were sent from a witness’s counsel to the builder’s counsel regarding the builder’s allegedly harassing behavior toward the witness, Carol Sollak, prior to trial, attempting to get her to change her testimony. We must determine if the trial *1011 court abused its discretion in admitting such letters. See Forester v. Norman Roger Jewell & Brooks Int'l, Inc., 610 So.2d 1369, 1372 (Fla. 1st DCA 1992). If error occurred, we must then decide whether the error was harmful and requires reversal. See id. The pertinent part of the first letter reads as follows:
My client testified under oath in her deposition and her answers to your questions were truthful and honest. If you feel, as you indicated in your message to me, that “my client was not being truthful in her testimony” or was “concealing” evidence, perhaps you should explain yourself.
It has come to my attention that your client phoned my client and verbally berated and threatened my client because he was not satisfied with her testimony at deposition. This brutish conduct by your client is completely inappropriate. I recommend that you speak with your client on this matter.
The pertinent part of the second letter reads as follows:
Again, I must bring to your attention your client’s uncouth and irascible conduct. Your client, Greg Isbell, continues on a daily basis to telephone my client, threaten my client, berate and attempt to “coach” my client into testifying according to what he deems appropriate for your case. Your client’s loutish conduct may work in the field, however, is completely inappropriate here. I strongly recommend that you rein in your client.
The homeowner relies on Jost v. Ahmad, 730 So.2d 708 (Fla. 2d DCA 1998), in support of her position that such evidence was admissible where it involved witness tampering. Homeowner’s reliance on Jost is misplaced. Jost involved a medical malpractice case where the plaintiffs treating physician testified that his risk management officer was contacted by the hospital’s insurance carrier, which was attempting to pass along instructions to him regarding limiting his testimony to collateral damage. Jost, 730 So.2d at 709. The trial court denied plaintiffs request to question the treating physician about such communication in the presence of the jury. Id. at 710. The second district reasoned that in witness tampering situations due to the outrageous nature of the conduct, not only was such information admissible as impeachment evidence, but evidence of such efforts to threaten witnesses was admissible as substantive evidence. Id. at 711. Since the trial court improperly excluded the communication, the court reversed the case for a new trial. Id.
The instant case differs from Jost in two ways. One, the letters in the instant case were from a third party who had no direct interest in the case, unlike the communication in Jost, which the second district noted “was not a communication from a third party with no direct interest in the outcome of the case.” Id. at 710. The communication that was going to be testified to in Jost was made by the insurer for one of the parties. In the instant case, while the witness tampering involves communication from a party, Is-bell, the letters at issue in this appeal were from one witness’s lawyer. Second, the doctor in Jost was present to testify as to the communication made to him. In the instant case, neither the author of the letters, nor the recipient of the letters, testified. Our decision does not go to whether the witness could testify regarding her interaction with the builder, but whether the letters which constituted hearsay were admissible. Jost supports the position that a witness can testify as to efforts to tamper with his or her testimony and such evidence is relevant as substantive evi *1012 dence. However, we find no support in Jost or elsewhere to conclude that these letters that were not written by or received by a testifying witness and were hearsay were admissible merely because one party was accused of witness tampering.
Turning to the issue of whether admission of the letters constitutes reversible error, we look to the entire context of the case. See Forester, 610 So.2d at 1372. The dispute between the builder and the homeowner turned on the credibility of both parties where they disagreed about the facts and circumstances surrounding the entering into the contract for the building of the home. Each testified as to their version of the agreement and what representations were and were not made. While it is true that there was no error in permitting Sollak to testify as to the builder’s behavior, the letters served only to substantiate her testimony and bolster her own credibility where her lawyer asserted that her deposition testimony was truthful. The language of the letters reaffirmed the allegation of the builder’s distressing conduct, allegations which the builder disputed. Given the letters’ impact on the credibility of one of the parties, the error impermissibly prejudiced the builder and thus, we conclude this case should be reversed for a new trial.

Reversed.

STEVENSON, C.J., and WARNER, J., concur.